UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| STEPHANIE CLAYTON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 04–1363 (RMU) |
| | : | | |
| v. | : | Document No.: | 12 |
| | : | | |
| ELI LILLY AND COMPANY, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

This matter comes before the court on the defendant's motion for summary judgment. The plaintiff brings this products liability and personal injury action alleging *in utero* exposure to a synthetic estrogen manufactured by the defendant. The defendant moves for summary judgment, arguing that the plaintiff cannot prove that she was exposed to its product. Because the plaintiff's evidence establishes a genuine issue of material fact as to whether the defendant caused her injuries, the court denies the defendant's motion for summary judgment.

**II. BACKGROUND**

**A. Factual Background**

The defendant, Eli Lilly and Company ("Eli Lilly") is engaged in the manufacturing, marketing, sale, promotion and distribution of pharmaceuticals throughout the United States. Compl. ¶ 2. The defendant formerly sold and distributed the drug diethylstilbestrol ("DES"), a drug used by millions of women to prevent miscarriage. DES was subsequently banned by the

FDA and recalled by manufacturers. Answer ¶ 2; Pl's. Opp'n to Def.'s Mot. for Summ. J. ("Pl's. Opp'n") at 1.

In 1964, the plaintiff's mother, Margaret White, was pregnant with the plaintiff in Birmingham, Alabama, Compl. ¶ 3, and took DES during her pregnancy. *Id.* Consequently, the plaintiff alleges she was exposed to DES *in utero*. *Id.* ¶ 4. The plaintiff claims that she has suffered injuries, including uterine and cervical malformations with resulting infertility, incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering, and that her injuries were caused by her exposure to DES *in utero*. *Id.*

White filled her prescription for DES at the P&S Apothecary's Five Points West branch in Birmingham. Def.'s Mot. for Summ. J. ("Def.'s Mot.") at 12. Although White did not originally recall taking any medication during her pregnancy with the plaintiff, after reviewing materials provided by her daughter's attorneys, White recalled taking white, cross-scored DES tablets during her pregnancy. Pl's. Opp'n at 15; Def.'s Mot. at 11. The defendant manufactured white, cross-scored DES pills during the relevant time period in Birmingham. Pl.'s Opp'n at 15. Although nearly a hundred other companies also manufactured DES at that time, Def.'s Mot. at 5, the plaintiff contends that only the defendant manufactured a DES pill like the one the plaintiff's mother described. Pl.'s Opp'n at 15.

### B. Procedural Background

On August 10, 2004, the plaintiff filed a complaint in the Superior Court of the District of Columbia. The defendant answered the complaint, but it also filed a notice to remove the case to this court pursuant on August 12, 2004. The case was subsequently removed to this court. On August 25, 2005, the defendant moved for summary judgment, arguing that the plaintiff cannot identify the defendant as the manufacturer of the synthetic estrogen that her mother took. Def.'s

Mot. at 1. The court now turns to the defendant's motion.

### III. ANALYSIS

### A. Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "failed to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*

In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 334 U.S. App. D.C. 92, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

### B.  Alabama Law Applies to the Instant Action

As a preliminary matter, the defendant argues that the court should apply Alabama substantive law to this matter because the plaintiff was born in Alabama, was exposed *in utero* to DES in Alabama, and her mother allegedly filled her prescription in Alabama.[1] Def.'s Mot. at 7. Applying the District of Columbia's choice of law rules, the court determines that Alabama's substantive law applies to this action.

"In a diversity action, this Court sitting in the District of Columbia is obligated under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), to apply the choice of law rules prevailing in this jurisdiction." *Dowd v. Calabrese*, 589 F. Supp. 1206, 1210 (D.D.C. 1984) (applying *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). For this analysis, the court looks to factors contained within the Restatement (Second) of Conflicts of Laws, including: "(a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship is centered." *Jaffe v. Pallotta TeamWorks,* 374 F.3d 1223, 1227 (D.C. Cir. 2004) (citing RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 145).  In

---

[1]     The plaintiff does not oppose the defendant's argument.

making its choice of law, the court considers "which jurisdiction has the most significant relationship to the dispute." *Id.*

Alabama has the most significant relationship to this case. Although the injury was diagnosed in Puerto Rico, the operative events giving rise to the injury, including the filling of the prescription, use of the drug and the plaintiff's *in utero* exposure to DES, occurred in Alabama. Because neither the domicile of the plaintiff nor the place of business or place of incorporation of the defendant is in the District of Columbia, the third factor does not weigh against applying Alabama law. Indeed, the only limited connection that this action has to the District of Columbia is that the defendant conducts some business in the District of Columbia. Given the substantial connection between this matter and Alabama and the lack of connection this matter has to the District of Columbia, Alabama substantive law applies to the plaintiff's claims. *Jaffe*, 374 F.3d at 1227; *see also Galvin v. Eli Lilly and Company*, Civil Action No. 03-1797, slip op. at 8 (D.D.C. June 10, 2005) (applying Kansas law in a DES case to determine whether plaintiff met her product identification burden because Kansas was the place of plaintiff's birth, the place of exposure, and the place where the DES prescription was filled).

### C.  The Court Denies Defendant's Motion for Summary Judgment

The defendant moves for summary judgment, alleging that the plaintiff cannot establish that the DES her mother took was manufactured by the defendant. Def.'s Mot. at 1. Alabama products liability law requires the plaintiff to establish that the defendant's product caused her injuries. *Sheffield v. Owens-Corning Fiberglass Corp.*, 595 So. 2d 443, 450 (Ala. 1992) (stating that the "threshold requirement of any products liability action is identification of the injury-causing product and its manufacturer") (citation omitted); *see also Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987) (holding that a plaintiff in Alabama "must prove that the

defendant manufactured and/or sold the allegedly defective product"). Although the plaintiff must establish that the defendant's product caused her injuries by more than just speculation or conjecture, the plaintiff may use circumstantial evidence to prove the identity of the manufacturer. *Turner,* 508 So. 2d at 254; *see also Coca-Cola Bottling Co. v. Miller*, 249 So. 2d 630, 630 (Ala. Civ. App. 1971) (affirming the verdict for an individual who swallowed particles of glass contained in a soft drink bottle because the manufacturer did not offer any evidence to rebut the evidence showing it had manufactured, bottled, and distributed the soft drink at issue).

The defendant makes three main arguments to support its assertion that the plaintiff cannot prove that the defendant manufactured the drug to which she was exposed. First, the defendant argues that White's identification of the defendant as the manufacturer is not based on personal knowledge. Def.'s Mot. at 10. Second, the defendant contends that even if White did have personal knowledge, the plaintiff offers no proof that the defendant was the only manufacturer of white, cross-scored DES pills. *Id.* at 11. Finally, the defendant alleges that Lee Wade Sellers, a pharmacist at the P&S Apothecary's Five Points South branch and a witness for the plaintiff, has no personal knowledge of the stocking and dispensing practices at the P&S Apothecary Five Points West branch where White filled her prescription. *Id.* at 11-12. The defendant claims that these factors support summary judgment in its favor because the plaintiff cannot exclude the possibility she was exposed to another manufacturer's DES product. *Id.* at 6. The court addresses each of the defendant's argument in turn below.

### 1. White's Personal Knowledge

The defendant first argues that the plaintiff's mother, White, does not have the personal knowledge necessary to describe the tablet she took. Def.'s Mot. at 10. The defendant supports this claim with testimony from White's deposition, in which White stated that she had no

6

recollection of the pills she took until the plaintiff's attorneys sent her pictures of assorted DES pills. Def.'s Mot., Ex. 4 ("White Dep.") at 31:9-12. In ruling on a motion for summary judgment, the court does not weigh the evidence, but rather determines whether there is an issue for trial. *Anderson*, 477 U.S. at 249. White identified the pills she took as white and cross-scored after looking at photographs containing pictures of many types of DES pills. Pl's. Opp'n, Ex. 10 ("Lewis Aff.") ¶ 4, 5. Although the defendant implies that White's identification is not reliable because it is based on the pictures her daughter's attorney gave her, Def.'s Mot. at 10, the reliability of White's memory goes to the weight of the evidence. "[M]emory gaps and doubts caused by the lapse of time go to the weight to be given the testimony," 27 FED. PRAC. & PROC. § 6023, and accordingly constitute a matter for the jury to decide. Accordingly, White's recollection, or lack thereof, is an issue for a jury to address.

### 2. White's Proof that Eli Lilly Manufactured the DES

The defendant also argues that even if White's description was based on personal knowledge, White's description alone is insufficient to exclude all other DES manufacturers. Def.'s Mot. at 11-12. While the defendant might be entitled to summary judgment if the plaintiff's only evidence consisted of White's description of the DES pill, *see Turner,* 508 So. 2d at 254, the plaintiff offers other evidence identifying the defendant as the manufacturer of the alleged drug. First, the plaintiff offers evidence suggesting the defendant was the exclusive manufacturer of the pill that White described – a small, round, white cross-scored 25mg DES tablet. *Id.* at 15. To support this claim, the plaintiff submits an affidavit stating that a review of nearly 300 DES photographs of 100 different brands of DES yielded no other DES pill with the same description as the defendant's pill. *Id.*; Pl.'s Opp'n, Ex. 17 ("Zhang Aff."). Although this evidence may not necessarily exclude every manufacturer's DES pill, this evidence is sufficient

to narrow the field of potential tortfeasors, which is all that is required under Alabama's product liability law. *Sheffield*, 595 So. 2d at 451 (stating that the plaintiff "must make it appear that it is more likely than not" that the defendant caused the plaintiff's injury) (quoting RESTATEMENT (SECOND) OF TORTS § 433B)

**3. Sellers's Personal Knowledge**

Last, the defendant argues that one of the plaintiff's witness, Sellers, does not have the personal knowledge necessary to describe the dispensing practices of the pharmacy where White filled her prescription. Def.'s Mot. at 10. Sellers worked at the P&S Apothecary Five Points South branch and was the pharmaceuticals buyer for all the P&S Apothecary stores. Pl.'s Opp'n, Ex. 12 ("Sellers Aff.") ¶¶ 2, 4. Sellers states that based on his observation, if a woman came into any P&S Apothecary store with a prescription for DES, the Eli Lilly brand would have been dispensed. Pl's. Opp'n at 6-7; Pl.'s Opp'n, Ex. 14 ("Sellers Dep.") at 32:14-18. The defendant claims that Sellers's testimony should be disregarded because his testimony regarding the inventory supply of the Five Points West branch of P&S Apothecary, the store where White filled her prescription, is not based on personal knowledge. Def.'s Mot. at 11-12. To the contrary, however, Sellers has personal knowledge about orders placed in bulk quantity by the P&S Apothecary stores. Sellers Dep. at 9:17-22; Sellers Aff. ¶ 4. Furthermore, Sellers testified that P&S Apothecary only purchased from four local wholesalers, all of which sold the defendant's products. Sellers Aff. ¶ 7.

On a motion for summary judgment, the nonmoving party is entitled to every reasonable inference. *Anderson*, 477 U.S. at 255. Here, P&S Apothecary stores bought through the same four wholesalers, Sellers had knowledge of all orders placed in bulk quantity and Sellers only recalls seeing the defendant's brand of DES at his P&S Apothecary store. Sellers Aff. ¶¶ 6, 7.

Sellers, who acted as a buyer for all the P&S pharmacies, also states that any woman with a prescription for DES would have received the defendant's product. *Id.* ¶¶ 4, 6. For the purposes of this motion, the plaintiff is thus entitled to the reasonable inference that the stocking practices of the Five Points South branch corresponded to the stocking practices of the Five Points West branch.

In short, the evidence submitted by the plaintiff produces a genuine issue as to whether the plaintiff was exposed to the defendant's DES pill. FED. R. CIV. P. 56(c); *see also Celotex Corp.*, 477 U.S. at 322. Although the defendant argues that the plaintiff is required to exclude every DES manufacturer, Def's. Reply at 5, the summary judgment standard does not require the nonmoving party "to discredit every conceivable alternative theory of causation." *Shields v. Eli Lilly and Co.*, 895 F.2d 1464, 1465 (D.C. Cir. 1990). The nonmoving party only need to produce evidence that would allow a reasonable juror "to find that the party proved the element at issue." *Id.* Here, the plaintiff has met her burden because she submits evidence suggesting that: (1) the defendant is the only company that manufactured a 25 mg, white, cross-scored DES pill during the relevant time period and (2) the pharmacy where her mother filled her prescription dispensed the defendant's DES pills. The defendant, moreover, fails to point to any other manufacturers of 25 mg white, cross-scored DES pills who sold their products in the Birmingham area.[2] Accordingly, the court denies the defendant's motion for summary judgment.

---

[2] The defendant cites to *Galvin v. Eli Lilly & Co.*, Civil Action No. 03-1797, slip op. (D.D.C. June 10, 2005) in support of its motion. Def.'s Reply at 3. In that case, however, the determinative factor for granting summary judgment was that the defendant offered into evidence a DES pill matching the same description as the pill identified by the plaintiff. *Id.* at 10. Here, the defendant has not offered such evidence. For this reason, the defendant's reliance on *Galvin* is misplaced.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the defendant's motion for summary judgment.  An order directing the parties consistent with this Memorandum Opinion is separately and contemporaneously issued this 16th day of March, 2006.

<div style="text-align: right;">

RICARDO M. URBINA
United States District Judge

</div>